UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:11-cr-123-DBH** |
| ) | |
| **LEONARD JEAN, JR.,** ) | |
| ) | |
| **DEFENDANT** ) | |

## ORDER ON DEFENDANT'S MOTION FOR
## BAIL PENDING APPEAL

The defendant Leonard Jean pleaded guilty to theft from a federally licensed firearms dealer. At his sentencing, I determined that his guideline range was 24 to 30 months. I granted his motion for a downward departure on two bases: aberrant behavior, USSG § 5K2.20, and extraordinary physical condition, USSG § 5H1.4. I then sentenced Jean to 12 months and 1 day, and I recommended to the Bureau of Prisons that he be assigned to a medical facility, specifically a care level 4. If Jean obtains good time credit, he is likely to serve somewhat over 10 months. I also allowed Jean to self-report. Jean has appealed his sentence and now moves for bail pending appeal. The motion for bail pending appeal is **DENIED**.

At this point, Jean is not a risk of flight or likely to pose a danger to the safety of others or the community, 18 U.S.C. § 3143(b)(1)(A), and the appeal is not for the purpose of delay, 18 § 3143(b)(1)(B). But I conclude that the appeal does not satisfy a necessary element for bail, namely that it raise "a substantial question of law or fact likely to result in . . . a sentence that does not include a

term of imprisonment, or . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Id. at (iii), (iv).  Although Jean is understandably concerned that the Bureau of Prisons will not provide the medical care he wants for his unusual and serious physical condition (Postural Orthostatic Tachycardia Syndrome), I have concluded that BOP can do so at an adequate level, albeit perhaps not at the level that Jean now obtains as a free man.  But given the nature of Jean's offense—breaking and entering in the nighttime the building that served as both the elderly firearms retailer's place of business and the home for the dealer and his spouse; the property damage Jean caused in doing so; and, more importantly the damage to the sense of security of these victims who had served coffee to this defendant in their home over the years, counted him as a member of the small community in which they live, and showed him the afternoon before the nighttime crime the very weapons that he stole—I could not justify a noncustodial sentence after considering the factors set forth in 18 U.S.C. § 3553(a).  Although trial and sentencing judges must always remain open to the authority of the court of appeals to disagree with them and to find their sentencing reasoning defective, I see no possibility that the court of appeals will vacate or lower this sentence.

**SO ORDERED.**

**DATED THIS 15TH DAY OF MAY, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2